UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20221-RAR

UNITED STATES OF AMERICA

vs.

**PEDRO MIGUEL PISCO POSLIGUA,**

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION

**THIS CAUSE** comes before the Court on Defendant Pedro Posligua's *Pro Se* Motion Pursuant to 18 U.S.C. § 3582(c)(2) ("Motion"), [ECF No. 46]. The Court having carefully reviewed the Motion, the United States' Response in Opposition ("Response"), [ECF No. 50], the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as set forth herein.

## BACKGROUND

On April 23, 2019, a federal grand jury returned an indictment charging Posligua, along with Defendant's brother, with conspiracy and possession with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, sections 70506(b) and 70503(a)(1) ("Indictment"), [ECF No. 11]. The charges arose from the April 3, 2019 interdiction of a go-fast vessel (GFV) by the United States Coast Guard that was transporting approximately 542 kilograms of cocaine. Mot. at 1–2. At the time of the interdiction, Defendant and his brother were crewing the GFV. *Id*. The Court held a Change of Plea Hearing on June 14, 2019 at which Defendant pleaded guilty to Count 1 of the Indictment. [ECF No. 27]. There was no signed factual proffer or plea agreement as to the Defendant. *Id*.

Pursuant to his final Presentence Investigation Report ("PSI"), [ECF No. 32] and its August 30, 2019 Addendum ("Addendum"), [ECF No. 32-1], Posligua's final total offense level was 35 with a criminal history category of I, yielding an advisory guideline range of 168 to 210 months. Addendum at 1. The PSI's final offense level also reflected a two-level decrease pursuant to the safety valve provisions of U.S.S.G. § 5C1.2. PSI ¶ 19. At sentencing on September 6, 2019, the Court varied downward and imposed a sentence of 135 months' imprisonment followed by two years' supervised release. [ECF Nos. 35, 37].

In his Motion, Posligua states, incorrectly, that his original sentencing guideline level was a 33, with a guideline range of 135–168 months. Accordingly, he requests that the Court apply a two-level reduction to his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the U.S. Sentencing Commission's newly created § 4C1.1, the "Adjustment for Certain Zero-Points Offenders" (Amendment 821). *See generally* Mot. Specifically, Posligua asks the Court to reduce his sentence to 108 months, maintaining he meets all of the criteria under § 4C1.1 and that he is entitled to a reduction in his sentence after the Court considers the relevant factors under 18 U.S.C. § 3553(a). *Id.* at 5–9.

## LEGAL STANDARD

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added).  Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on an original sentencing range that appears to have been subsequently lowered by the Sentencing Commission.  *See Dillon v. United States*, 560 U.S. 817, 825–26 (2010).  First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements.  *See United States v. Barbieri*, No. 18-20060, 2023 WL 8472741, at *2 (S.D. Fla. Dec. 6, 2023).  Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.  *Id.*

The applicable Sentencing Commission policy statement here provides that a court "*shall not* reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).  Further, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n.7.  In other words, if a defendant is scheduled for release before February 1, 2024, he or she is not entitled to relief under Amendment 821.

Even if a defendant is eligible for relief under § 3582(c)(2), the Court must still determine if it will exercise its discretion to reduce defendant's sentence after it has considered the § 3553(a) factors, *Dillon*, 560 U.S. at 826–27, and "the nature and seriousness of the danger to any person or the community that may be posted by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10 cmt. n.1(B).  The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public

from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

## **ANALYSIS**

Posligua seeks relief pursuant to Amendment 821—the recently added adjustment for certain zero-point offenders. A defendant is eligible for a two-level reduction in his offense level under Amendment 821 if he meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

*See* U.S.S.G. § 4C1.1.

Here, however, the Court need not determine whether Posligua meets the criteria above because any reduction of his sentence pursuant to § 4C1.1 would be inconsistent with Amendment 821's applicable policy statements. Specifically, courts cannot "reduce [a] defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). If the Court were to apply Amendment 821 to Posligua's original guideline score, it would yield an amended offense level of 33, with a criminal history category of I, resulting in an amended guideline range of 135–168 months. But the Court *already* sentenced Posligua to 135 months by way of a downward variance—the bottom of the amended guideline range that would apply after accounting for the zero-point offender adjustment. Accordingly, pursuant to the pertinent Policy Statement, the Court cannot further reduce Posligua's term of imprisonment under Amendment 821. *See United States v. Llanos Cortes*, No. 19-20220, 2023 WL 8372815, at *3 (S.D. Fla. Dec. 4, 2023) (denying application of Amendment 821 "[b]ecause the Court's judgment imposed a sentence of 100 months, which is below the new guideline range" and therefore the Court was "precluded by the applicable policy statement from reducing [defendant's] sentence pursuant to § 3582(c)(2).") (citing U.S.S.G. § 1B1.10(b)(2)(A)); *see also Dillon*, 560 U.S. at 827 ("Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized.").[1]

---

[1] Although there is a narrow exception to this general rule, it does not apply here. "If the term of the imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). This "comparably less" exception, however, applies to

In sum, because a reduction in Posligua's sentence would be inconsistent with the applicable policy statements regarding Amendment 821, the Court need not consider the § 3553(a) factors.[2]

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Posligua's *Pro Se* Motion Pursuant to 18 U.S.C. § 3582(c)(2) ("Motion"), [ECF No. 46], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 31st day of December, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

defendants who cooperated with the government and received a sentence reduction under either U.S.S.G. 5K1.1 or Rule 35(b). *See United States v. Colon*, 707 F.3d 1255, 1259 (11th Cir. 2013) (explaining that when "the Commission amended § 1B1.10(b)(2)," it "prohibit[ed] § 3582(c)(2) reductions below a prisoner's amended guidelines range, unless the original sentence had been below the applicable guidelines range because of a reduction based upon the defendant's substantial assistance to authorities."); *see also United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1335–36 (11th Cir. 2017) (same). Here, Posligua did not provide any substantial assistance to the government and there is no "government motion to reflect the defendant's substantial assistance to authorities[.]" U.S.S.G. § 1B1.10(b)(2)(B). Thus, Posligua is ineligible for a sentence reduction below the 135 months he already received from the Court—the bottom of the amended guideline range.

[2] Even if Posligua were eligible for relief under Amendment 821, the Court notes that a reduction would not be warranted under § 3553(a). The nature and circumstances of the offense—namely, the transport of 542 kilograms of cocaine over hundreds of miles of open sea—demonstrates a high level of criminal intent, planning, and determination. Thus, a sentence of 135 months in this case appropriately reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and affords adequate deterrence to criminal conduct.